IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J&J SPORTS PRODUCTIONS, INC. :
:
:
v. : Civil Action No. DKC 18-0904
:
IVELA LOUNGE INC., et al. :
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution are Plaintiff's motions for entry of consent judgment. (ECF Nos. 20 & 22). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be denied without prejudice.

The two-count complaint, filed on March 28, 2018, alleges that Defendants Ivela Lounge, Inc. and Kaleb Wondmu Tadele, improperly intercepted and broadcasted "*Floyd Mayweather, Jr. v. Andre Berto WBA/WBC Welterweight Championship Fight Program*" ("the Program") in violation of 47 U.S.C. §§ 605 & 553. (ECF No. 1). Plaintiff, J&J Sports Productions, Inc., owns the "exclusive nationwide commercial distribution (closed-circuit) rights to" the Program. (*Id.*). Plaintiff seeks statutory damages, costs, and attorneys' fees. (*Id.*). Summonses were delivered to both

Defendants, but neither Defendant filed a response.[1] (ECF Nos. 7 & 8). Accordingly, the court issued an order directing Plaintiff to "serve by mail on . . . [D]efendant[s] a motion for entry of default by the Clerk and a motion for default judgment, or provide a report as to why such motions would be inappropriate[.]" (ECF Nos. 9 & 10). Plaintiff filed a status report, indicating that, on August 15, 2018, "Plaintiff's counsel was contacted by an attorney on behalf of Defendants" and that the parties were in settlement negotiations. (ECF No. 11). No counsel entered an appearance on Defendants' behalf.

Plaintiff's counsel notified the court on October 24, 2018, that the parties reached a settlement on October 9, 2018. (ECF No. 13). The court entered an order pursuant to Local Rule 111 dismissing the case without prejudice on October 24, 2018. (ECF No. 14). Local Rule 111 provides:

> When the Court has been notified by counsel that a case has been settled, the Court may enter an order dismissing the case and providing for the payment of costs. Such an order of dismissal shall be without prejudice to the right of a party to move for good cause to reopen the case within a time set by the

---

[1] The order reopening this case mailed to Defendant Kaleb Wondmu Tadele (ECF No. 18) was returned as undeliverable (ECF No. 19). The notice requiring Plaintiff to supplement the motion for entry of consent judgment mailed to Defendant Ivela Lounge Inc. (ECF No. 21) was similarly returned as undeliverable (ECF No. 23).

> Court if the settlement is not consummated. Alternatively, the Court, upon being notified by counsel that a case has been settled, may require counsel to submit within sixty (60) days a proposed order providing for settlement, in default of which the Court may enter such judgment or other order as may be deemed appropriate. An order entered pursuant to this Rule means that the entire case, including all claims, counter-claims, cross-claims, third-party claims, and claims for attorneys' fees and costs has been settled, unless otherwise stated in the order.

The order recited: "the dismissal will become a dismissal with prejudice on December 30, 2018, unless Plaintiff files a motion to reopen on or before December 30, 2018." (ECF No. 16). On December 27, 2018, Plaintiff notified the court that the settlement was not consummated and requested to reopen the case. (ECF No. 17).

Under these circumstances the case resumes the procedural posture it was in immediately prior to the entry of the settlement order, namely awaiting a motion for entry of default. Instead of proceeding that way, Plaintiff filed a motion for entry of consent judgment on February 26, 2019. (ECF No. 20). Plaintiff's motion is, in reality, a motion to enforce settlement agreement.[2] A

---

[2] Because Defendants have not entered a valid appearance, it follows that they cannot yet offer consent to the motion for judgment filed by Plaintiff. And, of course, a court may not enter a consent judgment against a party that has not agreed. *Cf. Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 529 (1986) ("[A] court may not enter a consent decree

3

notice was entered on April 11, 2019, directing Plaintiff to "brief . . . why you believe that a consent judgment — never before filed with the court or pursuant to court order — should be entered under the circumstances." (ECF No. 21). Plaintiff filed a supplemental motion, without legal support, on April 17, 2019. (ECF No. 22). Attached to that motion is the purported settlement agreement, signed by Plaintiff's counsel, Richard Kind, Plaintiff J&J Sports Productions, Inc.'s president Joseph Gagliardi, and Defendant Kaleb Wondmu Tadele, individually and on behalf of Defendant Ivela Lounge, Inc. (ECF No. 22-3, at 3). Plaintiff argues that consent judgment is proper because "all Defendants were properly served[,]" "Defendants entered into a settlement agreement with Plaintiff[,]" and "Defendants defaulted under the terms of the settlement agreement[.]" (ECF No. 22, at 1-2).

This court does not have the authority to enforce a settlement agreement that has not been incorporated into a court order, absent some independent basis for federal jurisdiction:

> As the United States Supreme Court has recognized, the enforcement of a contractual

---

that imposes obligations on a party that did not consent to the decree."). Consequently, the court has no power to grant the motion to approve the "consent" judgment. *See, e.g., Trustees of Plumbers & Gasfitters Local 5 Ret. Sav. Fund v. Conditioned Air Sys., Inc.*, No. 10-cv-2356-DKC, 2011 WL 221776, at *1 (D.Md. Jan. 21, 2011) (listing cases).

4

> settlement agreement "is more than just a continuation or renewal of the dismissed suit." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "If the obligation to comply with the terms of the agreement is not made part of an order of the court, jurisdiction to enforce the settlement agreement will not exist absent some independent basis of jurisdiction." *Smyth ex. rel. Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002). This Court neither expressly maintained jurisdiction to enforce the parties' settlement agreement nor incorporated the terms of the settlement agreement in its July 9, 2002 Order. In addition, there appears to be no independent basis for federal jurisdiction over this contract dispute. Enforcement of a settlement agreement is essentially an action for breach of contract, which is governed by state and not federal law.

*Columbia Gas Transmission Corp. v. Ashleigh Heights LLC*, 261 F.Supp.2d 332, 333 (D.Md. 2002). "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen*, 511 U.S. at 381 (1994). The record clearly shows that the settlement agreement was not incorporated into the Rule 111 dismissal order because the settlement agreement was not placed in the record until the case was reopened. Moreover, no independent basis for federal jurisdiction to enforce the parties' settlement agreement exists. Consequently, the court has no jurisdiction to enforce the agreement.

On the other hand, in an ongoing case:

> District courts "have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). To enforce an agreement, a court must first conclude "that a complete agreement has been reached and determine[] the terms and conditions of that agreement." *Id.* If the court finds those preconditions satisfied, it may reach the merits and "draw[] upon standard contract principles" in enforcing the agreement. *Id.* at 540-41; *Bradley v. Am. Household, Inc.*, 378 F.3d 373, 380 (4th Cir. 2004).

*Scott v. Clarke*, 355 F.Supp.3d 472, 477 (W.D.Va. 2019).

Here, Defendants have not appeared in the underlying action, and the attorney purportedly representing the corporation during settlement negotiations did not sign the purported settlement agreement. Plaintiff has options as to how to proceed. Plaintiff may attempt to establish Defendants' default, and then seek to enforce the settlement agreement by filing a properly supported motion. Alternatively, Plaintiff may file an action in state court for breach of contract. *See Fairfax Countywide Citizens Ass'n v. Fairfax Cnty., Va.*, 571 F.2d 1299, 1303 n.9, 1305 (4th Cir. 1978) (claim of breach of settlement agreement "is factually and legally distinct from the claim giving rise to the original litigation"). Accordingly, the motion for entry of consent judgment and

supplemental motion for entry of consent judgment will be denied without prejudice.  A separate order will follow.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge